UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00273-MR

| TIMOTHY LYDA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| LOWELL GRIFFIN, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e) and 1915A, and Plaintiff's motion to proceed in forma pauperis, [Doc. 4].

**I.   BACKGROUND**

Pro se Plaintiff Timothy Lyda ("Plaintiff") filed this action on December 21, 2022, pursuant to 42 U.S.C. § 1983, against Defendants Lowell Griffin, identified as the Henderson County Sheriff; the Henderson County Detention Facility (the "Jail"); the City of Hendersonville; and Libby Harvey, identified as a Jail Nurse, based on events allegedly occurring while he was detained at the Jail.[1] [Doc. 1]. Plaintiff alleges as follows.

---

[1] Plaintiff does not specify the capacity in which he purports to sue the individual Defendants in this matter.

On April 9, 2021, Plaintiff was taken to the Jail by the Henderson County Sheriff's Department and put in a classification cell. [Doc. 1-1 at 1]. Sometime on the same day, Plaintiff's brother brought Plaintiff's medication to the Jail. [Doc. 1 at 4]. During medication administration time that same day, Plaintiff asked Defendant Harvey about his blood pressure medication. Defendant Harvey responded, "well I counted them and you weren't taking them right out there so I'm not going to give them to you at all." [Doc. 1-1 at 1]. On April 10, 2021, Plaintiff pressed the medical call button for someone to take his blood pressure. Plaintiff knew that he was in "hypertensive emergency state." [Id. at 1]. Officer Rummage, identified as a PERT team member, responded to Plaintiff's call and took Plaintiff's blood pressure.[2] Plaintiff explained the situation with his medication. Officer Rummage explained that "the order had came from above and there was absolutely nothing he could do and … to lay on the cold concrete." [Id.]. Plaintiff took his medication immediately upon his release from Jail on April 11, 2021. For four months, Plaintiff sought medical advice regarding his right leg and "suffered the most excruciating pain any man, could EVER, feel that's even close to giving childbirth." Plaintiff "ended up with two 6-in blood clots" in his

---

[2] Plaintiff alleges that "Deputy Rummage" is employed by the Sheriff's Department and acted under color of law. [Doc. 1 at 4]. Plaintiff, however, does not name Rummage as a Defendant in this matter. [See id. at 1-3].

right common iliac artery. [Id. at 1]. Plaintiff underwent a 10-hour surgery to remove the blood clots from his leg. Plaintiff alleges that the order "from above" to deprive Plaintiff of his medication was retaliation by the Sheriff's Department because Plaintiff has a video of "them" performing an illegal search and seizure on Plaintiff. [Id.]. Plaintiff claims violation of his Fourteenth Amendment rights, medical malpractice, and negligence. [Doc. 1 at 3].

For injuries, Plaintiff claims he has suffered nerve damage and loss of feeling between his knee and ankle, diminished "capacity of life" and "cardiovascular capabilities," and a severely diminished libido. [Id. at 5]. For relief, Plaintiff seeks $5 million in damages. [Id.].

## II. IN FORMA PAUPERIS MOTION

The Court first addresses Plaintiff's motion to proceed in forma pauperis. [Doc. 4]. Plaintiff's affidavit shows that he had an average monthly income of $1,186.00 for the past twelve months and that he expects to receive the same income next month. [Id. at 1-2]. Plaintiff reports having no cash, a negative balance of $110.00 in his checking account, a motor vehicle valued at $1,210.00, and no other assets. [Id. at 2-3]. Plaintiff reports that his monthly expenses total $990.00 and that no one relies on him for support. [Id. at 3, 4-5]. Plaintiff explains that he cannot pay the cost of these

proceedings because he receives disability benefits and has no other income. [Id. at 5]. The Court is satisfied that Plaintiff does not have sufficient funds to pay the filing fee. The Court will, therefore, allow the motion and permit Plaintiff to proceed in forma pauperis in this action.

### III. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which

set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## IV. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff purports to raise claims for violation of his Fourteenth Amendment rights, medical malpractice, and negligence. The Court will address those claims fairly raised by Plaintiff's Complaint.

### A. Defendant Jail

A jail is not a "person" subject to suit under § 1983. See Brooks v. Pembroke Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989). The Court, therefore, will dismiss the Jail as a Defendant in this matter.

### B. Defendant City of Hendersonville

Local governing bodies "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978); see Mt.

Healthy City Sch. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977) (Eleventh Amendment immunity "does not extend to counties or similar municipal corporations."). Municipal liability under § 1983 cannot be predicated upon a respondeat superior theory. Burgess v. Goldstein, 997 F.3d 541, 562 (4th Cir. 2021). Liability arises only when the offensive acts are taken in furtherance of municipal policy or custom. Id.; see City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989) (a municipality can be liable under § 1983 only where its policies are the "moving force" behind the constitutional violation) (quoting Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981)).

There are three necessary elements for Monell liability. First, the plaintiff must plausibly allege a constitutional harm that stems from the acts of a municipal employee "taken in furtherance of some municipal 'policy or custom.' " Milligan v. City of Newport News, 743 F.2d 227, 229 (4th Cir. 1984) (quoting Monell, 436 U.S. at 694, 98 S.Ct. 2018); see also Spell v. McDaniel, 824 F.2d 1380, 1389 (4th Cir. 1987). Second, the plaintiff must allege facts showing that the policy's creation is fairly attributable to the municipality. Spell, 824 F.2d at 1389; see also Owens v. Balt. City State's Attorney's Office, 767 F.3d 379, 402 (4th Cir. 2014) ("Only if a municipality subscribes to a custom, policy, or practice can it be said to have committed an independent act, the *sine qua non* of Monell liability."). Third,

the plaintiff must allege an affirmative causal link between the "policy or custom," and the particular injury suffered by the plaintiff. Spell, 824 F.2d at 1389.

Here, Plaintiff has failed to allege any facts supporting Monell liability against Defendant City of Hendersonville. This Defendant, therefore, will also be dismissed.

### C.  Official Capacity Claims

Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099 (1985) (1985) (quoting Monell, 436 U.S. at 690 n. 55, 98 S.Ct. at 2035). As with the City of Hendersonville, the Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21, 112 S.Ct. 1061, 1066 (quoting Monell, 436 U.S. at 691, 98 S.Ct. at 2036). As such, to the extent Plaintiff intends to sue Defendants Griffin and Harvey in their official capacities, Plaintiff does not allege that any official policy was the moving force behind or otherwise played a part in any constitutional violation. The Court, therefore, will dismiss Plaintiff's official capacity claims against Defendants Griffin and

Harvey.

## D. Deliberate Indifference

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment.[3] Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the detainee. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the

---

[3] Because the Plaintiff was a pre-trial detainee at the relevant times, his deliberate indifference claims are properly brought under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983). However, the Fourth Circuit has long applied the Eighth Amendment deliberate indifference standard to pretrial detainees' deliberate indifference claims. See Moss v. Harwood, 19 F.4th 614, 624 n.4 (4th Cir. 2021) (noting that, "under Kingsley v. Hendrickson, 576 U.S. 389, 135 S.Ct. 2466, 192 L.Ed.2d 416 (2015), pretrial detainees bringing excessive force claims under the Fourteenth Amendment are no longer required to satisfy the analogous subjective component that governs the Eighth Amendment excessive force claims of convicted prisoners ... [however] the Supreme Court has not extended Kingsley beyond the excessive force context to deliberate indifference claims, ... and neither has our court...."); Mays v. Sprinkle, 992 F.3d 295, 300-02 (4th Cir. 2021) (declining to decide whether a pretrial detainee must satisfy the subjective component of the Eight Amendment deliberate indifference standard).

treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Moreover, to establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). As such, the doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell, 436 U.S. at 694. A supervisor can only be liable where (1) he knew that his subordinate "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury;" (2) his response showed "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) there was an "affirmative causal link" between her inaction and the constitutional injury." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff's § 1983 claim against Defendant Harvey is not clearly frivolous. Plaintiff, however, has failed to state an individual capacity deliberate indifference claim against Defendant Griffin. Plaintiff vaguely alleges only that Defendant Harvey followed orders "that came from above her" to deprive Plaintiff of his medication. Plaintiff, however, makes

no allegations of personal participation by Defendant Griffin relative to the matter at issue. Defendant Griffin, therefore, will be dismissed.

E. **Retaliation**

An inmate has a clearly established First Amendment right to be free from retaliation for filing lawsuits. See Booker v. S.C. Dep't of Corrs., 855 F.3d 533, 540 (4th Cir. 2017); Thompson v. Commonwealth of Va., 878 F.3d 89, 110 (4th Cir. 2017). Inmates also have a protected First Amendment right to complain to prison officials about prison conditions and improper treatment by prison employees that affect them. See Patton v. Kimble, 717 Fed. App'x 271, 272 (4th Cir. 2018).

To state a colorable First Amendment retaliation claim, a plaintiff must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct. Martin v. Duffy, 977 F.3d 294, 299 (4th Cir. 2020) (quotation marks and citation omitted). Retaliation claims brought by prisoners, however, are treated with skepticism because every act of discipline by a prison official is retaliatory in that it responds directly to prisoner misconduct. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). More, bare or conclusory assertions of retaliation are insufficient to establish

a retaliation claim. Id., 40 F.3d at 74.

Here, Plaintiff alleges that the decision to deprive him of his medication was made in retaliation for Plaintiff's possession of a video of the Sheriff's Department performing an allegedly illegal search and seizure. While peaceful video recording of police activity may be a protected activity, see Garcia v. Montgomery Cty, Md., 145 F.Supp.3d 492, 508 (D. Md. Nov. 5, 2015), Plaintiff does not allege that he took the video or the circumstances under which it was taken, and fails to identify and name a defendant whose conduct constituted retaliation.

## F. Negligence and Medical Malpractice

Plaintiff also references claims for negligence and medical malpractice. He fails, however, to allege who he contends was negligent or committed medical malpractice against him or what acts he contends constituted negligence or medical malpractice. Plaintiff's allegations relative to these claims fail to meet the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that

support each element of the claim). These claims, therefore, will be dismissed.

Finally, the body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity"). The allegations directed at individuals not named as Defendants are therefore dismissed without prejudice.

## V. CONCLUSION

In sum, Plaintiff's deliberate indifference claim against Defendant Harvey in her individual capacity survives initial review.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's deliberate indifference claim against Defendant Harvey in her individual capacity survives initial review in accordance with this Order. Plaintiff's remaining claims are

**DISMISSED**.

**IT IS FURTHER ORDERED** that Defendants Lowell Griffin, Henderson County Detention Facility, and City of Hendersonville are **DISMISSED** as Defendants in this matter.

The Clerk is instructed to mail one (1) blank summons to Plaintiff to fill out and identify Defendant Libby Harvey, and then return the summons to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service on this Defendant. When the Court receives the summons from Plaintiff, the Clerk shall direct the U.S. Marshal to effectuate service upon Defendant Harvey.

**IT IS SO ORDERED**.

Signed: April 25, 2023

Martin Reidinger
Chief United States District Judge